UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

**Eastern District of Kentucky**
**F I L E D**

JAN 0 4 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-112-GWU

ERVIN THACKER,                                              PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

**INTRODUCTION**

The plaintiff brought this action to obtain judicial review of an administrative

denial of his applications for Disability Insurance Benefits (DIB) and Supplemental

Security Income (SSI). The appeal is currently before the Court on cross-motions

for summary judgment and on the plaintiff's motion to supplement the record and

to remand.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.   Is the claimant currently engaged in substantial gainful activity?
     If yes, the claimant is not disabled. If no, proceed to Step 2.
     See 20 C.F.R. 404.1520(b), 416.920(b).

2.   Does the claimant have any medically determinable physical
     or mental impairment(s)? If yes, proceed to Step 3. If no, the
     claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

1

Thacker

3.   Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.   Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.   Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.   <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.   Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.   If no, proceed to Step 7.   <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.   Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.   Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and</u>

2

Thacker

Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

3

Thacker

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

Thacker

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d

6

Thacker

279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The administrative law judge (ALJ) found that Thacker had a variety of musculoskeletal impairments (Tr. 16) which restricted him to a limited range of light level work (Tr. 19). Based on that specific functional capacity, a vocational expert had identified a significant number of compatible jobs. (Tr. 20). Thus, benefits had been denied. (Tr. 22).

The plaintiff takes issue with the fact that the ALJ had found that Thacker had no "severe" mental impairments. However, the plaintiff's treating source did refer to depression (Tr. 164) and the plaintiff had mentioned problems with nervousness at the administrative hearing (Tr. 220-221). Moreover, a pain management specialist who examined Thacker referred to mental health signs and symptoms on one form (Tr. 153) and stated that the patient's chronic pain caused him difficulty with sleep and concentration, and easy fatigability (Tr. 155). Unlike any other doctor in the record, he assessed the plaintiff's residual mental functional capacity, and concluded that the plaintiff had a "seriously limited" ability to deal with the public and "poor or none" ability to "deal with work stresses" and "maintain attention/concentration" (Tr.

7

Thacker

156). Had one physician produced a contrary opinion before the ALJ, the result might well have been different; however, this did not happen.[1] Thus, the case must be remanded.

The undersigned notes, in passing, that the ALJ's focus on Bobby Kidd's report vis-a-vis Thacker's credibility about his physical condition appears misplaced. Kidd was the only physician who found the patient to have "refused" to cooperate in an examination (Tr. 169-170), yet he is also the only physician who had no access to the abnormal lumbar MRI nor, apparently, any prior treatment notes. The ALJ also apparently implied that "no examiner" found sensory abnormalities in his conclusion (Tr. 16); while the lack of sensory abnormalities had been Dr. Kidd's finding, a contrary conclusion was reached by a variety of other sources of record (Tr. 112, 113, 115, 119, 120, 151, 158, 160, 165). Accordingly, these issues need reevaluation as well.

The case will be remanded for further consideration.

This the ____ day of January, 2006.

G. WIX UNTHANK
SENIOR JUDGE

---

[1]Since the case will have to be remanded anyway, the agency will have the ability to examine the subsequently-produced mental health reports suggesting major depression, a generalized anxiety disorder, borderline intellectual functioning and low literacy (Tr. 191, 198-199) as well as the effect of the subsequent agency award of benefits referred to in the plaintiff's motion to remand.

8