UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 05-112-GWU

ERVIN THACKER, PLAINTIFF,

VS.   **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

### INTRODUCTION

The case is before the court on a motion for fees under 42 U.S.C. Section 406(b); Wolodymyr Cybriwsky, Mr. Thacker's counsel, is seeking 25 percent of his client's past due benefits pursuant to a fee agreement.

### APPLICABLE LAW (406(b))

In general 42 U.S.C. Section 406(b) provides for award of attorney's fees in judicial proceedings where the outcome is favorable to the claimant. The statute states that "the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. Section 406(b).

In addition, the Equal Access to Justice Act provides that counsel to a party prevailing against the United States in a court action may be awarded fees payable by the United States if the government's position in the litigation was not

1

05-112 Thacker

"substantially justified." Gisbrecht v. Barnhart, 535 U.S. 789, 706 (2002), citing 28 U.S.C. Section 2412(d)(1)(A). Fee awards can be granted under both acts, but the claimant's attorney "must refund to the claimant the amount of the smaller fee." Id., citing act of August. 5, 1985, Pub. L. 99-80, Section 3, 99 Stat. 186.

## DISCUSSION

Mr. Cybriwsky requests $12,651.15 in fees, representing 25 percent of the amount awarded to his client, by his calculation. Docket Entry No. 30.[1] A letter from the Associate Commissioner for Central Operations states that, following the payment of $5,300.00 for services performed at the administrative level by another attorney, Clarissa M. Friend, $7,351.50 is still being withheld from Mr. Thacker for payment of any additional fees. Docket Entry No. 29. The Commissioner notes that, while the attorney fee agreement obtained by Mr. Cybriwsky provides for a payment of 25 percent of past due benefits, the defendant is not authorized to withhold more than 25 percent from a claimant's past due benefits for payment of attorney's fees. Therefore, while Mr. Cybriwsky is entitled to the full amount he requests, he must obtain the excess over $7,351.50 from his client, less a $4,775.00 offset for previously-awarded Equal Access to Justice Act fees. Docket Entry No. 26.

---

[1] The Commissioner notes that the correct amount is $12,651.50. Docket Entry 32, p. 2, n. 3.

05-112  Thacker

Accordingly, and the court being sufficiently advised,

IT IS HEREBY ORDERED that:

(1) the plaintiff's Memorandum in Support of an Attorney Fee and Attorney Fee Petition is GRANTED to the extent counsel's fee award under 42 U.S.C. Section 406(b)(1) is determined to be $12,651.50;

(2) of the aforesaid fee, $7,351.50 is to be paid from currently withheld funds in the hands of the defendant agency;

(3) the remaining $5,300.00 must be collected from Mr. Thacker by Mr. Cybriwsky, but expressly subject to an offset for the 2006 Equal Access to Justice Act award of $4,775.00, which (as it is smaller than $12,651.50) must itself be reimbursed to the plaintiff; in effect leaving a net amount of $525.00 owed to Mr. Cybriwsky by Mr. Thacker under the fee agreement; and

(4) a copy of this memorandum opinion and order shall be provided to the plaintiff, Ervin Thacker, at the address listed on the complaint.

This the 24th day of October, 2007.



Signed By:

*G. Wix Unthank*

**United States Senior Judge**